UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWARD R. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:08-CV-861 |
| | ) | |
| THE CITY OF MOUNDS, Illinois, | ) | |
| MOUNDS CITY, Illinois, WAYMON A. | ) | |
| BUTLER, JR., WILLIAM J. WOOD, | ) | |
| MARC STOUT, CHARLES J. MULLINS, | ) | |
| DONALD JONES, JR., and ROBERT E. | ) | |
| RIDDLE, Individually and in their | ) | |
| Official Capacities, | ) | |
| | ) | |
| Defendants. | ) | |

### RESPONSE TO DEFENDANTS', MOTION TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE OF THE DEFENDANTS, MOUND CITY AND WILLIAM J. WOOD

COMES NOW Plaintiff, Edward R. Brown, in Response to Defendants' Mound City and William J. Wood, Motion to Dismiss and in Response to Defendants', Mound City and William J. Wood, Motion to Strike, pray this Court deny Defendants' motions and in support thereof states:

### RESPONSE TO MOTION TO DISMISS AND MOTION TO STRIKE

Defendants Mound City and William J. Wood adopt and assert in their Motion to Dismiss (DE 23) the exact arguments set forth by Defendants Mounds, Waymon A. Butler, Jr., Marc Stout, Charles J. Mullins, Donald Jones, Jr. and Robert E. Riddle in their Motion to Dismiss and Memorandum in Support. (DE 20, 21). Accordingly, Plaintiff similarly adopts and asserts the same arguments against Defendants' Mound City and William J. Wood Motion to Dismiss as he does against the Defendants' Mounds, Waymon A. Butler, Jr., Marc Stout, Charles J. Mullins, Donald Jones, Jr. and Robert E. Riddle Motion to Dismiss.

Defendants contend Plaintiff failed to state a cause of action for conspiracy under Section 1983 of the Civil Rights Act and state law. (DE 20, 21).  Defendants set forth the elements of these claims that Plaintiff must "plead and prove."  (DE 21). However, to require Plaintiff to "prove" these elements in his complaint, as Defendants are suggesting, would be premature.  Plaintiff has no such duty at this stage.  The Seventh Circuit has stated:

> "[A]n obligation to allege some matter in a complaint does not entail an obligation to 'establish' that issue at the pleading stage; support of one's allegations comes later, in response to a motion for summary judgment or at trial... Facts need not be 'established' or even alleged (fact-pleading is unnecessary); a plaintiff receives the benefit of any fact that could be established later consistent with the complaint's allegations."

*Simpson v. Nickel,* 450 F.3d 303, 306 (7th Cir. 2006). (internal citations omitted).

Instead, in a complaint, "[a]ll that is required is 'a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Fed.R.Civ.P. 8(a)(2)(2009).  "The Supreme Court has refused to apply a heightened pleading standard to § 1983 claims."  *Kies v. City of Aurora*, 149 F.Supp.2d 421, 423 (N.D. Ill. 2001). (internal citations omitted).  Only if this Court finds the complaint failed to allege "enough facts to state a claim to relief that is plausible on its face" is the complaint improper.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Kilingsworth v. HSBC Bank Nevada, NA*, 507 F.3d 614, 624 (7th Cir. 2007).  Because Plaintiff provides more than enough facts to survive this pleading standard, and is not required to plead his allegations with such particularity as to prove them at this stage, Plaintiff's complaint should not be dismissed.

Defendants allege that the Plaintiff must "plead and prove two elements: '(1)

2

an express or implied agreement among defendants to deprive him of his constitutional rights, and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement.'" (DE 21).

In addition to stating supporting facts throughout the complaint, Plaintiff makes both of the required allegations in Paragraph 42 of his Complaint (DE 2).  The aforementioned paragraph states, "Mayor Butler, Chief Stout, Chief Wood, Capitan [sic] Mullins, Sergeant Jones, and Officer Riddle agreed with each other to cover up the excessive uses of force against the plaintiff and to punish the plaintiff when he complained about the excessive uses of force and each of them committed at least one overt act to further the conspiracy. "

Plaintiff has plead both (1) an agreement between the defendants to cover up the wrongdoing and to punish the plaintiff and (2) overt acts in furtherance of the conspiracy.  That is all he is required to do in order to put the Defendants on notice of the claims against them and the grounds upon which those claims rest.

Any suggestion by the Defendant that the Plaintiff relies solely on a "cover up" is incorrect and ignores the punishment and Constitutional violations which Plaintiff endured as a result of the Defendants' wrongdoing.   Defendants rely heavily on *Kies v. City of Aurora*, 149 F.Supp.2d 421 (N.D. Ill. 2001), and the cases cited and discussed therein.  The *Kies* Court, also citing other authority, explained "[a]n allegation of cover-up or concealment, standing alone, does not state a constitutional claim under § 1983.  Rather, a plaintiff alleging conspiracy under § 1983 must also allege a constitutional violation." *Kies* at 424. (internal citations omitted).  Plaintiff does allege violations of his Constitutional rights, namely his Fourth Amendment right to be free of unreasonable searches and seizures and his Fourteenth Amendment

3

entitlement to equal protection under the law.  (DE 2 ¶ 2).  He elaborates on his claims throughout the complaint, setting forth operative facts regarding the circumstances.  In addition, in Count II of his Complaint, Plaintiff alleges he suffered punishment by the Defendants.  He was subject to unreasonable searches and seizures and denied equal protection under the law.

Furthermore, *Kies* elaborates that a Plaintiff pursuing a § 1983 claim based on conspiracy, and not alleging an additional violation of his Constitutional rights, must also prove his pursuit of a tort action was prevented or the value of the claim was reduced.  *Kies* at 424, citing *Vasquez v. Hernandez*, 60 F.3d 329 (7th Cir. 1995). Therefore, even if Plaintiff was not alleging additional Constitutional violations, he would still prevail here by proving his ability to pursue the other claims set forth in his complaint would be impeded by the Defendants' conspiracy.  By providing false information to investigators and failing to do their own investigation, the defendants concealed and potentially eliminated information and evidence Plaintiff could require to prove his other claims, including assault and battery and intentional infliction of emotional distress.

Furthermore, under 42 U.S.C. § 1983, a combination of two or more person formed to deprive another of his constitutional rights under color of law is actionable even against private citizens. *Johnson v. Dossey*, 515 F.3d 778, 781-82 (7th Cir. 2008); *Walker v. Thomspon*, 288 F. 3d 1005, 1007-08 (7th Cir. 2002); *Swiekiewicz v. Sorema N.A.*, 534 U.S. 506, 512-15 (2002); *McElroy v. Lopac,* 403 F.3d 855, 858 (7th Cir. 2005); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607, 611-612 (7th Cir. 2000).

Defendants also assert that Plaintiff has failed to state a claim for a state law illegal conspiracy.   Plaintiff has met each of the requirements set forth by the Defendant as necessary to plead Plaintiff's claim: "(1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means; (3) in furtherance of which one of the conspirators committed an overt tortious or unlawful act; and (4) damages." (DE 21). *Adcock v. Brakegate, Ltd*, 164 Ill2d 54 (Ill.Sup.Ct. 1994).  In Paragraph 47 of his Complaint, Plaintiff alleges, "All of the defendants agreed with each other to illegally cover up the assault, battery, and excessive force used by the City of Mounds and Mounds [sic] City Police Departments and each defendant committed at least one overt act to further the conspiracy as described above." (DE 2).  In addition, Plaintiff's damages are evident and Plaintiff's prayer for relief sets forth methods by which his recovery may be awarded: compensatory damages proven at trial, punitive damages proven at trial, attorneys fees, costs, and prejudgment interest, and all other just and equitable relief.

Defendants make the same arguments regarding the state law civil conspiracy as they did for the § 1983 conspiracy claims.  Accordingly, those arguments are met with the same responses, set forth above.

Lastly, Defendants argue in their Motion to Dismiss that Plaintiff's claims against the Defendant William J. Wood in his official capacity should be dismissed, as the Defendants argue those claims are redundant.  Plaintiff understands the implication of allegations against a defendant in his official and individual capacities, namely that such allegations amount to a claim against the entity itself and against the individual.  That is exactly the result the Plaintiff intended.  It is necessary to

name the defendant in his individual capacity in order to recover punitive damages for his wrongdoing.  Plaintiff named the defendant in his official capacity in order to show he acted under color of law and hold the municipality liable for his wrongdoing.  Accordingly, the double manner in which the Defendant was named reflects not unnecessary redundancy, but instead, Plaintiff's efforts to notify Defendant of the claims against him and the recovery available to the Plaintiff.

Defendants also request Plaintiff's prayer for relief of prejudgment interest in both the state claim and the claims under 42 U.S.C. § 1988 be stricken.  As stated in Response to Defendants Mounds, Waymon A. Butler, Jr., Marc Stout, Charles J. Mullins, Donald Jones, Jr. and Robert E. Riddle in their Motion to Strike, Plaintiff's prayer for relief only to requests that recovery to which he is lawfully entitled.

Plaintiff understands that the court, in its discretion, may deny his request for prejudgment interest and/or attorneys fees.  However, Defendants should not be entitled to strike Plaintiff's mere request for such recovery. Furthermore, Plaintiff requests recovery of attorneys fees, costs, and prejudgment interest so the court can find he is entitled to such recovery under statutory law, common law, or the Court's discretion.

WHEREFORE Plaintiff, Edward R. Brown, respectfully requests this Court deny Defendants' Motion to Dismiss and Motion to Strike.

<div style="margin-left:50%">

s/ Mandy M. Williams
Bruce A. Carr, #15676-64
Mandy M. Williams. #5215337
THE REX CARR LAW FIRM, LLC
412 Missouri Avenue
East St. Louis, Illinois 62201
(618) 274-0434 (Phone)
mmwilliams@rexcarr.com
ATTORNEYS FOR PLAINTIFF

</div>

6

## CERTIFICATE OF SERVICE

I certify that on this 30th day of April, 2009, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification to all parties of record.

s/ Mandy M. Williams