IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD R. BROWN,

**Plaintiff,**

v.

THE CITY OF MOUNDS, Illinois,
MOUNDS CITY, Illinois,
WAYMON A. BUTLER, JR., WILLIAM
J. WOOD, MARC STOUT,
CHARLES J. MULLINS, DONALD JONES, JR.,
And ROBERT E. RIDDLE, Individually and in
their Official Capacities,

**Defendant.**                                           No.08-861-DRH

### ORDER

**HERNDON, Chief Judge:**

### I. Introduction

On December 8, 2008, Plaintiff Edward R. Brown filed a eight count complaint against the City of Mounds, Illinois, Mounds City, Illinois, Waymon A. Butler, Jr., William J. Wood, Marc Stout, Charles J. Mullins, Donald Jones, Jr., and Robert E. Riddle in connection with an incident that occurred in Mounds City on December 21, 2007 which resulted in the Plaintiff being allegedly shot at by several police officers (Doc. 2).  Counts I and II allege excessive force against the officers as well as Mounds City, Illinois.  Count III is brought pursuant to **42 U.S.C. § 1983** and alleges a charge of conspiracy.  Counts IV and V allege claims of assault and battery against both the officers and the city.  Counts VI and VII alleges claims of intentional infliction of emotional distress against all Defendants.  Count VIII alleges a claim of

illegal conspiracy by the City of Mounds and Mounds City Police Departments.

In his complaint, Plaintiff alleges that on December 21, 2007 he fired a .22 caliber pistol into the air in self defense after allegedly being surrounded by a mob outside Ardie's Touch of Class Tavern.  Plaintiff alleges that Chief Wood, Captain Mullins, Sergeant Jones, and Officer Riddle fired their service weapons repeatedly at the Plaintiff and Plaintiff then fled.  Plaintiff further alleges that the Defendant pursued Plaintiff, continuing to fire at him until he fell to the ground, at which point, one of the Defendants shot Plaintiff behind his right ear which exited out of and destroyed his right eye (Doc. 2 ¶ 31-32).

On February 26, 2009 Defendants City of Mounds, Waymon A Butler, Jr., Marc Stout, Charles J. Mullins, Donald Jones, Jr., and Robert E. Riddle filed a motion to strike and dismiss portions of Plaintiff's Complaint (Docs. 20 & 21).  Also on February 26, 2009, Defendants Mounds City, Illinois and William J. Wood filed a similar motion to strike and dismiss portions of Plaintiff's Complaint (Doc. 23).   Specifically, Defendants move to dismiss Counts III and VIII of Plaintiff's Complaint because they fail to state a cause of action for conspiracy under **42 U.S.C. § 1983** and state law.  Defendants further move to dismiss claims against Defendants in their official capacities as redundant to the claims brought against the City of Mounds.  Defendants also move to strike Plaintiff's prayer for pre-judgment interest on both the federal and state claims, as well as Plaintiff's prayer for attorney's fees on Plaintiff's state law claims.  Plaintiff has filed a response to Defendants' motions (Docs. 35 & 36).  Defendants City of Mounds, Waymon A.

Butler, Jr., Marc Stout, Charles J. Mullins, Donald Jones, Jr., and Robert E. Riddle have filed a reply (Doc. 37).   The Court rules as follows.

## II. Discussion

### A.    Motion to Dismiss 12(b)(6)

Defendants bring their motions to dismiss pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** for failure to state a claim.  When ruling on a motion to dismiss for failure to state a claim under **FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**, the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under **FEDERAL RULE OF CIVIL PROCEDURE 8**.  **Rule 8** states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  **FED. R. CIV. P. 8(a)(2)**.  In a recent opinion issued on May 21, 2007, the Supreme Court held that Rule 8 requires that a complaint allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion.  ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d. 929 (2007).**  In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'" by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action will not do…."  ***Id.* at 555, 127 S. Ct. at 1964-65 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)).**  The Seventh Circuit has read the *Bell Atlantic* decision to impose "two easy-to-clear hurdles":

> First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the...claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court.

***E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citations omitted).**

### 1. 42 U.S.C. § 1983 Conspiracy Claim

Defendants argue that Plaintiff has failed to state a claim of conspiracy pursuant to **42 U.S.C. § 1983**. Specifically, Defendants argue that Plaintiff's claim fails to allege that Plaintiff was denied access to the courts because of the alleged cover-up. Plaintiff's complaint alleges that the Defendants conspired to cover up the excessive use of force against plaintiff and to punish the plaintiff when he complained about the excessive use of force[1] (Doc. 2 ¶ 42). Plaintiff alleges that in furtherance of the conspiracy, Captain Mullin, Chief Wood, Sergeant Jones, and Officer Riddle lied to the Illinois State Police during its investigation, Mayor Butler, Jr. and Chief Stout refused to investigate the shooting, and Mayor Butler, Jr. and Chief Stout refused to discipline the officers involved (*Id.* at ¶¶ 36-38).

In order to allege a conspiracy under **§ 1983**, a plaintiff must allege that there was "1) an express[ed] or implied agreement among defendants to deprive him

---

[1] While Plaintiff's complaint alleges that Defendants conspired to "punish the plaintiff", no where in his complaint does he expand on this allegation. Further, in Plaintiff's fact section, he states only that the Defendants "conspired to cover up the excessive uses of force." Plaintiff also lists operative facts related to a cover up. The Court finds that Plaintiff has only alleged a claim of conspiracy to cover up the excessive use of force.

of his constitutional rights, and 2) [an] actual deprivation of those rights in the form of overt acts in furtherance of the agreement." **Scherer v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988)**. Plaintiff's Complaint alleges that Defendants conspired to cover-up their use of excessive force against the Plaintiff. When a plaintiff alleges such a cover-up as the basis for his conspiracy claim pursuant to § 1983, the basis of such a claim is the denial of plaintiff's right of access to the Courts. **See Vasquez v. Hernandez, 60 F.3d 325, 329 (7th Cir. 1995)**. "[C]oncealment of constitutional violations, such as false arrest, excessive force, and malicious prosecution, are insufficient to raise a separate constitutional violation unless the victim is deprived his or her right to access to the courts." **Keis v. City of Aurora, 149 F.Supp.2d 421, 424 (N.D. Ill June 5, 2001). See also Vasquez, 60 F.2d at 329.** Here Plaintiff has not alleged that he was deprived of his right to access to the courts. While Plaintiff has alleged that Defendants refused to investigate and lied to the Illinois State Police, Plaintiff has not alleged that their conduct denied him access to the courts in any way. **See Gibson v. City of Chicago, 910 F.2d 1510, 1523 (7th Cir. 1990) (dismissing a claim that defendants covered-up their constitutional violations because plaintiff had failed to allege a concrete injury, namely that he was denied access to the courts or that the cover-up contributed to the failure of his litigation)**.

Plaintiff, however, argues that his claim should not be dismissed because he has alleged that his Constitutional rights were violated. Plaintiff argues

that a plaintiff alleging conspiracy must also allege a constitutional violation and he has done so by alleging violations of his Constitutional rights under the Fourth Amendment for excessive use of force. However, as Defendants point out, Plaintiff has not alleged that Defendants conspired to use excessive force, but rather conspired to cover-up the use of excessive force. A conspiracy claim alleging a cover-up involves a plaintiff's right to access of the courts. ***Vasquez*, 60 F.3d at 329**. ***See also Cefalu v. Village of Elk Grove*, 211 F.3d 416, 422 (7th Cir. 2000)("when police officers conceal or obscure important facts about a crime from its victims rendering hollow the right to seek redress, constitutional rights are undoubtably abridged") (quoting *Bell v. City of Milwaukee*, 746 F.2d 1205, 1261 (7th Cir. 1984)).** Here, plaintiff has not alleged that he has been denied access to the courts. ***See Vasquez*, 60 F.3d at 329 ("there are no allegations...that [the plaintiffs] have been prevented from pursuing a... [claim]...or that the value of such an action has been reduced by the cover-up")**. Plaintiff also argues that he can prove that defendants' actions have impeded his access to the courts, specifically alleging that by providing false information and failing to investigate, Defendants have concealed evidence that Plaintiff could require to prove his claims. However, Plaintiff has not done so in his Complaint. Therefore, the Court **DISMISSES** Plaintiff's Count III **without prejudice**, but **GRANTS** Plaintiff leave to amend his complaint in order to adequately allege a claim of conspiracy under §1983.

**2.     State Law Civil Conspiracy**

Defendants argue that Plaintiff has also failed to allege a cause of action for a civil conspiracy claim under Illinois law because he has failed to allege any damages.  A civil conspiracy claim under Illinois law consists "of a combination of two or more persons for the purpose of accomplishing some concerted action either an lawful purpose or a lawful purpose by unlawful means." ***Adock v. Brakegate, Ltd., 164 Ill.2d 54, 62, 645 N.E.2d 888, 894 (Ill. 1994)***.  The elements of civil conspiracy under Illinois law are: "(1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in furtherance of which one of the conspirators committed an overt tortious or unlawful act." ***Fritz v. Johnston*, 209 Ill.2d 302, 317, 807 N.E.2d 461, 470 (Ill. 2004).**  "The function of a civil conspiracy claim is to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's act." ***Adock*, 164 Ill.2d at 62, 645 N.E.2d at 894.**  Defendants argue that Plaintiff's claim of cover-up is only relevant to his claim of deprivation of his access to the courts and, therefore, Plaintiff has similarly failed to prove damages, namely, that he was deprived access to the courts.  **See *Fritz*, 209 Ill.2d at 317, 807 N.E.2d at 470 (finding that Plaintiff had adequately alleged damages as a result of the conspiracy); *Canal and Hale, Ltd. v. Tobin*, 304 Il.App.3d 906, 710 N.E.2d 861 (1st Dist. 1999) (civil conspiracy includes "1) an agreement between two or more persons, 2) to**

**participate in an unlawful act, or a lawful act in an unlawful manner, 3) an** *injury* **caused by an unlawful overt act performed by one of the parties, and 4) the overt act was done pursuant to and in furtherance of the common scheme.")**. Just as with his claim for conspiracy pursuant to **42 U.S.C. § 1983**, the Court finds that Plaintiff has also not adequately alleged a claim of civil conspiracy under Illinois law because he has not alleged that he was injured in any way.  Therefore, the Court **DISMISSES** Plaintiff's Count VIII without prejudice and **GRANTS** Plaintiff leave to amend his complaint in order to adequately allege a claim of civil conspiracy under Illinois law.

   3. **Official Capacity Claims**

    Defendant further argue that claims against Waymon A. Butler, Jr., Marc Stout, Charles J. Mullins, Donald Jones, Jr., and Robert E. Riddle in their official capacity should be dismissed as they are redundant to those claims brought against the City of Mounds.  Plaintiff argues that he needs to name Defendants in their official capacity in order to show they acted under color of law.  As to Plaintiff's claims against Defendants in their official capacity pursuant to **42 U.S.C. § 1983**, the Court agrees a claim against a municipal employee in his official capacity is in actuality a claim against the municipality itself.  ***Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.E.2d 114 (1985)**.  While Plaintiff argues that it is necessary to name Defendants in their official capacity to show that they acted under color of law and hold the municipality liable for their wrongdoing, a

municipality can not be liable under **42 U.S.C. § 1983** on a theory of respondeat superior. ***Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036 (1978)**. Further, Defendants are correct that naming a governmental official in his official capacity is redundant to naming the local government as a defendant in a § 1983 action. ***Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987) (The complaint named the mayor as a defendant in his official capacity which was the equivalent to bringing suit against the city, "[b]ut nothing was added by suing the mayor in his official capacity")**. However, the Court finds that it is more appropriate to strike this claim pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(f)** instead of dismissing the claim. Under **Rule 12(f)**, upon motion or the Court's own initiative, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." To the extent that Plaintiff's § 1983 claims are brought against Defendants in their official capacity, the Court finds the claim redundant and is therefore **STRICKEN**.

Defendants also argue that the state law claims against Defendants in their official capacity should be dismissed as redundant. The Court notes that Plaintiff's Count IV is a claim of assault and battery against the individual Defendants, although Plaintiff does not distinguish whether the claim is brought against Defendants in their individual or official capacity. Count V alleges assault and battery against the City of Mounds and Mound City on a theory of respondeat superior. Counts VI and VII allege claims of intentional infliction of emotional

district in similar fashion. While Plaintiff does not distinguish whether the counts against the individual defendants are in their individual or official capacity, Plaintiff argues that such claims in their official capacity are necessary to show that Defendants acted under color of law and hold the municipality liable for their wrongdoing. However, Plaintiff has also alleged claims against the municipality on a basis of respondeat superior making the claims against the individual in their official capacity redundant. ***See Blazer v. Highway Commissioner of Marengo Township*, 93 Ill.App.2d 89, 94-95, 235 N.E.2d 13, 16 (2d Dist. 1968) (finding that bringing a claim of negligence against the highway commissioner in his official capacity would be mere surplusage to the plaintiff's claim against the highway commission)**. Therefore, to the extent that Defendants are being sued in their official capacity on state law claims, the Court **STRIKES** those claims as redundant to the claims against the municipality.

B.   Motion To Strike

Defendants have also moved to strike several of Plaintiff's prayers for relief pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(f)**.

1.   **Pre-Judgment Interest under 42 U.S.C. § 1988**

Defendants argue that Plaintiff is not entitled to an award of prejudgment interest under **42 U.S.C. § 1988** because the statute does not specifically allow for such an award. Plaintiff responds merely stating that such awards may be awarded in the Court's discretion either under statutory law,

common law, or the Court's discretion.  **42 U.S.C. § 1988** provides that a prevailing party may be entitled, in the court's discretion, to "reasonable attorney's fees as part of the costs…"  While § 1988 does not specifically allow for prejudgment interest, the Plaintiff is correct that prejudgment interest is within the discretion of the Court to award and such an award is presumptively available to victims of federal law violations.  *Gorenstein Enterprises v. Quality Care-USA*, 874 F.2d 431, 436 (7th Cir. 1989) (**"The time has come, we think, to generalize, and to announce a rule that prejudgment interest should be presumptively available to victims of federal law violations.  Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay."**) *See also Shott v. Rush-Presbyterian - St. Luke's Medical Center*, 338 F.3d 736, 745 (7th Cir. 2003) **(noting a presumption in favor of awarding prejudgment interest)**.  Therefore, the Court finds that prejudgment interest can be awarded on Plaintiff's federal claims and Defendant's motion to strike Plaintiff's prayer for pre-judgment interest on his § 1983 claim is **DENIED**.

       2.      **Pre-Judgment Interest and Attorney's Fees on State Law Claims**

Defendants also argue that Plaintiff's request for pre-judgment interest and attorney's fees on his state law claims should be stricken as Plaintiff has not cited a statute or agreement that would allow him to recover either type of damages.  Pre-judgment interest is generally only recoverable in Illinois when allowed by statute or agreement between the parties.  *First National Bank of LaGrange v. Lowrey*,

375 Ill.App.3d 181, 214, 872 N.E.2d 447, 479 (1st Dist. 2007); *Robles v. Chicago Transit Authority*, 235 Ill.App.3d 121, 142, 601 N.E.2d 869, 883 (1st Dist. 1992) (finding it well-established in Illinois that pre-judgment interest is only available when authorized by statute). Likewise, attorney's fees in Illinois are only available when authorized by statute or agreement. *Morris B. Chapman & Assoc., Ltd. v. Kitzman*, 193 Ill.2d 560, 573, 739 N.E.2d 1263, 1271 (Ill. 2000) ("Illinois generally follows the 'America Rule': absent statutory authority or a contractual agreement between the parties, each party to litigation must bear its own attorney fees and costs, and may not recover those fees and costs from an adversary." (citations omitted)). Here, Plaintiff has not cited a statute or agreement that would allow him to recover pre-judgment interest or attorney's fees on his state law claims. Therefore, the Court **GRANTS** Defendant's motion to strike Plaintiff's claims for pre-judgment interest and attorney's fees on his state law claims. Plaintiff's request for pre-judgment interest and attorney's fees in regards to his state law claims are **STRICKEN**.

### III. Conclusion

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motions to dismiss (Docs. 20 & 23). The Court **GRANTS** Defendants' motion to dismiss Plaintiff's claims against Defendants in their official capacity. The Court further **GRANTS IN PART AND DENIES IN PART** Defendants' motions to dismiss Counts III and Counts VIII in that the Court **DISMISSES without prejudice**

Counts III and VIII for failure to state a claim but **GRANTS** Plaintiff leave to amend his complaint in order to fix the deficiencies in his conspiracy claims. Plaintiff will have to and including **October 13, 2009** in which to file an amended Complaint. Further, the Court **GRANTS** Defendant's motion to strike Plaintiff's prayer for attorney's fees and prejudgment interest on Plaintiff's state law claims, but **DENIES** Defendant's motion to strike Plaintiff's prayer for prejudgment interest on his § 1983 claims.

      IT IS SO ORDERED.

      Signed this 22nd day of September, 2009.

/s/    David R. Herndon

**Chief Judge**
**United States District Court**